IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-27,881-08, -09 & -10






EX PARTE RONALD DAVID SUTHERLAND, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 49009-B, 49137-B & 49522-B IN THE 78TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of twelve
counts of burglary of a building and sentenced to fifteen years' imprisonment on each count. The
Second Court of Appeals dismissed his appeals. Sutherland v. State, Nos. 02-10-00213-CR, 02-10-00214-CR & 02-10-00215-CR (Tex. App.--Fort Worth 2010, pet. ref'd).

 Applicant contends, among other things, that trial counsel: (1) advised him that the
punishment range was 180 days to 2 years; (2) was not present at a pretrial conference and motion
to suppress hearing; (3) actively represented conflicting interests; (4) failed to litigate a suppression
motion; and (5) was unprepared for trial and told Applicant he had not been paid enough to go to
trial. Applicant also contends that he was denied retained counsel of choice and was constructively
denied counsel.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial counsel to respond to Applicant's claims. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact and conclusions of law as to whether the
performance of trial counsel was deficient and, if so, whether his deficient performance prejudiced
Applicant. Strickland v. Washington, 466 U.S. 668 (1984). In determining whether counsel was
ineffective for not litigating a suppression motion, the trial court shall determine whether the consent
to search in Applicant's cases was "freely and voluntarily given." Bumper v. North Carolina, 391
U.S. 543, 548 (1968). The trial court shall also make findings and conclusions as to whether
Applicant was constructively denied counsel, United States v. Cronic, 466 U.S. 648 (1984); counsel
actively represented conflicting interests and his conduct was adversely affected by this conflict, 
Cuyler v. Sullivan, 446 U.S. 335 (1980); and Applicant was denied retained counsel of choice. 
United States v. Gonzalez-Lopez, 548 U.S. 140 (2006). The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. A copy of the reporter's record
of Applicant's guilty pleas, if it exists, shall also be forwarded to this Court within 120 days of the
date of this order. Any extensions of time shall be obtained from this Court.


Filed: November 21, 2012

Do not publish